CHARLES F. REINHARDT, Respondent, v. GUSTAVUS S. SMITH, Individually and as Surviving Member of the Firm of GOLLMAR & SMITH, Appellant, and Another, Defendant.— Order denying appellant's motion to require the complaint to be made more definite and certain and to strike out certain parts thereof modified so as to provide that the motion is granted to the extent of striking out paragraphs 38, 39, 40, 69, 70 and 71; of striking from paragraphs 21 and 54, respectively, the words following " aforesaid mortgage," and that in all other respects the motion is denied. As so modified, the order is affirmed, without costs, and appellant is permitted to serve an answer within fifteen days from the entry of the order hereon. No opinion. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

REBECCA SIOVITZ, Appellant, v. BROOKNAT CORPORATION and Others, Defendants; NICHOLAS F. WALSH, Respondent.— On a tax lien foreclosure sale the respondent, Walsh, became a purchaser. Before the date of closing, on an examination by a title company, he was first advised that the title was not marketable. Subsequent motions on his part to be relieved from the purchase, and, on the part of the plaintiff, that he be compelled to complete it, resulted in a hearing before an official referee to determine whether there was delivery of a certain deed during the lifetime of the grantor, which was not recorded until about five years after its purported execution and nine months after the grantor's death. The only proof of delivery was that of an attorney who claimed to have had it in his possession prior to grantor's death. His veracity was questioned. The referee found that there was delivery during the grantor's lifetime. If there was no delivery of the deed, then the property descended by intestate succession to the grantor's children and grandchildren. None of these was made a party to the foreclosure action. It was sought to bar their rights by this motion to confirm the referee's report and to compel Walsh to complete his purchase. Resettled order on reargument, vacating order of December 10, 1937, which directed respondent, Walsh, to take title, and denying plaintiff's motion, affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

REGINALD SMITH, JR., an Infant, by REGINALD L. SMITH, His Guardian ad Litem, and REGINALD L. SMITH, Appellants, v. NEW YORK DUGAN BROS., INC., and CLAYTON CUNNINGHAM, Respondents.— Actions for damages for personal injuries and for expenses and loss of services as a consequence of the infant plaintiff's being run over by an automobile owned by the corporate defendant and operated by the individual defendant while the truck was being backed out of the driveway adjoining the home of the infant plaintiff. Judgment for the defendants unanimously affirmed, with costs. While the conduct of defendants' counsel was not above criticism, particularly in reference to the making of innumerable requests to charge, some of which were repetitious and others irrelevant, nevertheless the evidence presented a square issue of fact for the jury, the resolving of which, either for the plaintiffs or the defendants, could not fairly be disturbed on appeal. Lazansky, P. J., Carswell, Adel and Close, JJ., concur; Hagarty, J., concurs in result.